STATE TAX COMMISSION OF MISSISSIPPI ET AL. *v.* INTERSTATE· NATURAL GAS CO., INC.

No. 40. Argued October 26, 1931.—Decided November 23, 1931.

*Mr. Edward R. Holmes, Jr.,* argued the cause for appellants, appearing *pro hac vice* by leave of Court; and *Messrs. George T. Mitchell,* Attorney General of Mississippi, and *J. A. Lauderdale,* Assistant Attorney General, were on the brief.

*Mr. David Clay Bramlette* for appellee.

Mr. Justice Holmes delivered the opinion of the Court.

This is an appeal from a decree of three Judges sitting according to statute in the District Court, by which the Tax Commission of the State of Mississippi is permanently enjoined from enforcing a Privilege Tax Law of that State, being c. 88 of the laws of 1930, against the Interstate Natural Gas Company, the plaintiff in this suit.

The facts are agreed. The plaintiff has a trunk line of pipe extending from gas fields in Louisiana through Mississippi and back to Louisiana; 72.42 miles having a diameter of 22 inches, 8.11 miles having a diameter of 12 inches and 4.99 miles a diameter of 10 inches. It sells daily to distributors in Louisiana about 70,000,000 cubic feet of natural gas in summer and about 75,000,000 feet in winter. In Mississippi it sells as will be explained from 204,000 to 520,000 feet according to the season. The gas flows continuously from the gas fields in Louisiana and obviously, for much the greater part at least, in interstate commerce. But the appellants rely upon business done under two similar contracts made in New York to show that there was intrastate commerce in Mississippi that may be taxed without burdening the main activity that the State cannot touch. *Ozark Pipe Line Corp.* v. *Monier,* 266 U. S. 555, 563. *East Ohio Gas Co.* v. *Tax Commission,* 283 U. S. 465, 470. Distributing companies tap the plaintiff's pipes near Natchez and the town of Woodville. The gas withdrawn by the distributors is measured by a thermometer and a meter furnished by the plaintiff which is the only way in which it can be measured. The pressure of the gas is reduced by the plaintiff

before it passes into the purchaser's hands. The work done by the plaintiff is done upon the flowing gas to help the delivery and seems to us plainly to be incident to the interstate commerce between Louisiana and Mississippi. The plaintiff simply transports the gas and delivers it wholesale not otherwise worked over than to make it ready for delivery to the independent parties that dispose of it by retail. *Missouri* v. *Kansas Gas Co.*, 265 U. S. 298. *Public Utilities Comm.* v. *Landon*, 249 U. S. 236, 245. *Ozark Pipe Line Corp.* v. *Monier*, 266 U. S. 555.

*Decree affirmed.*