## Memphis Natural Gas Co. *v.* McCanless
### (Gross Receipts Tax Case).

*(Nashville,* December Term, 1943.)

Opinion filed February 5, 1944.

CANADA, RUSSELL & TURNER, of Memphis, for complainant.

ROY H. BEELER, Atty. Gen., WILLIAM F. BARRY, Sol. Gen., and THOMAS H. MALONE, III, Asst. Atty. Gen., for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by Memphis Natural Gas Company to recover taxes alleged to have been illegally exacted of it by the Commissioner of Finance and Taxation and paid under protest. There was decree in favor of complainant by the chancellor, from which the commissioner has appealed.

The tax involved is known as the gross receipts tax and is levied by Chapter 108 of the Public Acts of 1937, art. 2, sec. 2, Item G, and by the Amendatory Act of the same year, Chapter 192, Section 19. The relevant sections of the two statutes are as follows:

Chapter 108, art. 2, sec. 2, Item G:

"Each person engaged in the business of furnishing or distributing gas, water, or electric current, whether to dealer, consumer, municipality or other customer, shall, for the privilege of doing such business, pay to the State for State purposes an amount equal to three (3%) per

cent of the gross receipts derived from intrastate business in the State.

. . . . .

"It is the intention of this Item to levy a tax for the privilege of engaging in intrastate commerce carried on wholly within this State and not a part of interstate commerce."

Chapter 192, sec. 19:

"Be it further enacted, That the said Act be amended in Item B[G] (Gas, Water, Electric Power and Light Companies) by adding thereto at the conclusion of the first paragraph thereof, to be a part of the said paragraph the following sentence: 'Persons engaged in the business of manufacturing gas or if distributing manufactured gas or natural gas shall, in lieu of the foregoing, pay an amount equal to one and one-half (1½%) per cent of the gross receipts derived from intrastate business in this State, which payment shall be subject to the same provisions, restrictions and credits hereinafter provided in this Item.'"

It will be observed with respect to natural gas that the tax is only levied on "distributing . . . natural gas." The case before us, therefore, is in a narrow compass, a determinative question being whether the complainant is distributing natural gas or is a distributor of that commodity in Tennessee.

The complainant maintains a pipe line from Louisiana through Arkansas and Mississippi to the outskirts of the City of Memphis, in Tennessee. From Memphis it has other and smaller pipe lines passing through Shelby County which reach Brownsville, Humboldt, Jackson and other Tennessee towns. At various points along complainant's lines it is tapped by service lines which carry

gas to the homes and business places of customers in Memphis, Shelby County, and elsewhere. None of these service pipes, however, belong to the complainant, nor has the complainant any control of them.

Gas in Memphis was formerly delivered by the complainant to Memphis Power and Light Company and distributed by that concern. Later the City of Memphis, through a subsidiary corporation, acquired the properties of Memphis Power and Light Company and the new concern now distributes gas to customers in Memphis, Shelby County, and some points out of Shelby County. West Tennessee Power and Light Company is the distributing agency at other points in Tennessee.

The gas moves in a continuous flow from Louisiana to the points in Tennessee where the service pipes of the distributing agencies connect with the pipes of the complainant. Pressure is reduced at those points and the gas entering the service pipes of the other concerns measured at such places. The distributing agencies pay the complainant for the gas taken by them at these various connections and the complainant has nothing to do with the distribution and sale of the gas by such agencies.

Upon these facts we do not think it can be said that the complainant is distributing natural gas or is a distributor of natural gas in Tennessee. The Supreme Court of the United States has had frequent occasion in recent years to consider the tax liability to the different States of those engaged in the transmission and distribution of natural gas. In general, under the decisions of that Court, the transmission of natural gas from one State to another and its sale at wholesale at the State of destination has been held to be interstate commerce upon which the States could lay no burden. If the interstate carrier,

however, undertook in the State of destination to distribute and sell the gas at retail, the latter activity was said to be local in its nature and not protected as interstate commerce. Of course a service company which took the gas from the pipes of the interstate carrier and sold and distributed the same was liable to State taxation and regulation. Leading cases from which the foregoing rules are derived are *Public Utilities Commission* v. *Landon*, 249 U. S., 236, 39 S. Ct., 268, 63 L. Ed., 577; *State of Missouri ex rel. Barrett* v. *Kansas Natural Gas Co.*, 265 U. S., 298, 44 S. Ct., 544, 68 L. Ed., 1027; *Public Utilities Commission* v. *Attleboro Steam, etc. Co.*, 273 U. S., 83, 47 S. Ct., 294, 71 L. Ed., 549; *East Ohio Gas Co.* v. *Tax Commission*, 283 U. S., 465, 51 S. Ct., 499, 75 L. Ed., 1171; *State Tax Commission* v. *Interstate Natural Gas Co.*, 284 U. S., 41, 52 S. Ct., 62, 76 L. Ed., 156; *Southern Natural Gas Corp.* v. *Alabama*, 301 U. S., 148, 57 S. Ct., 696, 81 L. Ed., 970.

All the foregoing cases by the Supreme Court, except *Southern Natural Gas Corp.* v. *Alabama*, were decided prior to the enactment of the Public Acts of 1937. These decisions were familiar. It was understood from them that the transportation of natural gas from another State and its sale at the carrier's pipe to another was interstate commerce. But that the distribution of gas through service pipes in a particular locality and sale at the burner tips was intrastate commerce. That distributing the commodity was a local activity. It was well understood what the term distributor meant and we do not think that the complainant here was a distributor or was distributing natural gas in the sense of the statute after the purchase of the properties of the Memphis Power and

Light Company by the City of Memphis. Prior to that purchase the complainant was engaged in the joint enterprise of distribution of natural gas as appears from *Memphis Natural Gas Co.* v. *Pope et al.*, 178 Tenn., 580, 161 S. W. (2d), 211, and the same case reported under the style of *Memphis Natural Gas Co.* v. *Beeler*, 315 U. S., 649, 62 S. Ct., 857, 86 L. Ed., 1090.

It should be mentioned that in addition to its sales to the City of Memphis and to West Tennessee Light and Power Company the complainant also has a contract by which it sells gas to Memphis Generating Company, that concern using it for fuel. However, the complainant does not undertake to deliver that gas at the plant of the Memphis Generating Company but by an arrangement between the Generating Company and the City of Memphis the City's pipes take the gas from complainant's pipes over to the place of business of the Generating Company. Instead of building its own service pipe to connect with complainant's line the Generating Company procures the City of Memphis to render this service through its service pipes. The complainant has nothing to do with this delivery and herein the case differs from *Southern Natural Gas Corp.* v. *Alabama*, 301 U. S., 148, 57 S. Ct., 696, 81 L. Ed., 970, relied on by the commissioner. Whether it be regarded as interstate commerce or intrastate commerce, this isolated sale does not make the complainant a distributor.

We do not think there is any liability on the part of the complainant for the gross receipts tax during the time in which gas was being distributed as a joint enterprise by complainant and Memphis Power and Light Company. It appears that the tax was paid during those

years by Memphis Power and Light Company and the enterprise being joint, a sort of partnership, only one tax was due. Only a single tax on the entity pursuing the activity.

We find no error in the decree of the chancellor and it will be affirmed.